# STATE OF MICHIGAN

# COURT OF APPEALS

LYNNA EISING,

Plaintiff-Appellant,

v

DALE EISING,

Defendant-Appellee.

UNPUBLISHED
August 8, 2017

No. 333474
Osceola Circuit Court
LC No. 15-014384-DO

Before: CAVANAGH, P.J., and METER and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff appeals by right a judgment of divorce, challenging the spousal support award and the equal division of the 2015 income tax debt. We affirm.

The parties were married for over 35 years, and were both 55 years old when they divorced. Plaintiff works as the lead cook at an elementary school and defendant works as a car salesman. Testimony established that defendant makes significantly more money than plaintiff, though he works substantially more hours; plaintiff only works nine months out of the year. Defendant's income is dependent on the car market, as he works on commission and much of his salary is dependent on bonuses earned through various incentive programs. Plaintiff can work during the summer to supplement her income, though such work is limited.

Plaintiff first argues that she should have been awarded more than $1,000 a month in modifiable spousal support for five years. We disagree.

The decision to award spousal support is reviewed for an abuse of discretion. *Olson v Olson*, 256 Mich App 619, 631; 671 NW2d 64 (2003). The trial court's factual findings regarding spousal support are reviewed for clear error. *Berger v Berger*, 277 Mich App 700, 727; 747 NW2d 336 (2008). A finding is clearly erroneous if, after a review of the entire record, we are left with a definite and firm conviction that a mistake was made. *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010). If the factual findings are not clearly erroneous, we must determine whether the dispositional ruling was fair and equitable under the circumstances. *Berger*, 277 Mich App at 727. Unless we are firmly convinced that the dispositional ruling was inequitable, we must affirm. *Id*.

"The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and

-1-

reasonable under the circumstances of the case." *Id*. at 726. While there is no strict formula to follow in determining the appropriate amount of spousal support, *Myland v Myland*, 290 Mich App 691, 699-700; 804 NW2d 124 (2010), there are several factors that should be considered in the analysis, *Olson*, 256 Mich App at 631. The following are among those factors that should be weighed in the decision:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of the property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Id*.]

Plaintiff argues that she had requested $3,000 a month in modifiable spousal support until the age of 67, but the trial court awarded her only $1,000 a month for five years. This award is not fair and just, plaintiff argues, and because the trial court failed to sufficiently articulate its factual findings on the relevant factors set forth in *Olson*, meaningful appellate review is not possible. See, e.g., *Woodington*, 288 Mich App at 354. We cannot agree.

In reaching its spousal support award, the trial court first considered the past relations and conduct of the parties. The court concluded that their relationship had been unstable since about 2006 as evidenced by the fact that defendant had left the home on at least two occasions. Further, the court noted that plaintiff had not worked year-round, thus her earning ability was not truly reflected by her income. On the other hand, defendant worked long hours to maintain his pay and bonus checks. Second, the court considered the length of the parties' marriage and noted that it was a long-term marriage. Third, the court considered the abilities of the parties to work and concluded that both parties had the ability to work full-time. Fourth, the court noted its property distribution set forth later in its opinion, which was a fairly equal distribution. Fifth, the court noted the parties' ages of 55-years old, and concluded that they both had the capacity to live full, complete lives. Sixth, the court concluded that defendant's income was significantly greater than plaintiff's and defendant had the ability to pay spousal support. Seventh, the court noted the present situation of the parties, and concluded that plaintiff was going to be remaining in the martial home for two more years and would be paying rent of $200 a month. Defendant would also be paying rent and his own living expenses. Eighth, the court found that plaintiff would be in need of financial assistance and defendant was in a position to provide that assistance. Ninth, the court noted that neither party had health issues that kept them from working. Tenth, the court found that the standard of living would not significantly change for either party. Eleventh, the court concluded that neither party was responsible for the support of any other persons, but noted that defendant did assist the parties' daughter with car-related expenses. Twelfth, considering general principles of equity, the court found that the assets of the martial estates should be divided as set forth later in the opinion, which was a fairly equal distribution.

Considering these factual findings outlined above, plaintiff's argument that the trial court failed to make sufficient factual findings on the relevant factors is without merit. Further,

plaintiff has failed to demonstrate that any of the trial court's factual findings were clearly erroneous or that the dispositive ruling was unfair and inequitable under the circumstances. As the court held, both of the parties were 55-years old and were capable of working full-time and living a full life. While plaintiff would have preferred that the trial court order defendant to pay $3,000 a month until she is eligible for her full Social Security, she has failed to show that the modifiable spousal support award of $1,000 a month for five years was inequitable; thus, we must affirm. See *Berger*, 277 Mich App at 727.

Next, plaintiff argues that it was inequitable to hold her responsible for half of the 2015 tax debt because the debt was incurred while the parties lived separate lives, is attributable to defendant because he failed to have taxes withheld from his bonuses, and plaintiff does not have the ability to pay her share of the taxes. We disagree, and affirm the trial court's decision.

"The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Gates v Gates*, 256 Mich App 420, 423; 664 NW2d 231 (2003). "The division need not be mathematically equal, but any significant departure from congruence must be clearly explained by the trial court." *Id*. In *Sparks v Sparks*, 440 Mich 141; 485 NW2d 893 (1992), the Court articulated several factors that are to be considered when distributing the marital assets and debts, when relevant to the case:

> (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. [*Id*. at 159-160.]

"The significance of each of these factors will vary from case to case, and each factor need not be given equal weight where the circumstances dictate otherwise." *Byington v Byington*, 224 Mich App 103, 115; 568 NW2d 141 (1997). "Indeed, there will be many cases where some, or even most, of the factors will be irrelevant." *Sparks*, 440 Mich at 159.

The only requirement for property division of martial assets and debts is that the award be fair and equitable under the circumstances. *Byington*, 224 Mich App at 114. Thus, it is appropriate to look at the division of tax liability in light of the entire property division. The trial court awarded plaintiff half of defendant's Consumer's Energy pension, and her entire pension from the public school where she works. Defendant received his entire 401(k) account from Classic Chevrolet, but was assigned responsibility for martial debts that included a personal loan, a line of credit (which was used to pay the couple's 2014 taxes), and the parties' daughter's car loan. According to defendant's attorney, plaintiff's share of the 2015 taxes amounted to $4,750. Defendant's assigned obligations amounted to $9,500 ($1,200 for the personal loan, $2,900 for the line of credit and $5,400 for his daughter's car loan) plus his share of the 2015 tax obligation.

In light of the entire division of marital property, plaintiff has failed to demonstrate that splitting the 2015 tax debt was unfair and inequitable.  See *id*.

Affirmed.


/s/ Mark J. Cavanagh
/s/ Patrick M. Meter
/s/ Michael J. Kelly